IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH COADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 25-669-CFC |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Elizabeth Coady, of Chicago, Illinois, filed a complaint *pro se* and moved for leave to proceed *in forma pauperis*. (D.I. 1, 2.) This Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 8.) Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in her favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The sixty-eight-page complaint names as Defendants over fifty individuals and entities, including current and former United States presidents, current and

former cabinet members, leading technology companies and their chief officers, top universities, doctors, and the current mayor of Chicago. (*See* D.I. 2.) According to the complaint, Plaintiff seeks "injunctive relief, compensatory damages, and punitive damages for violations of her constitutional and statutory rights stemming from nonconsensual implantation of and suffering from experimental biomedical devices, including a Neuralink 'beta' prototype, in her body between 2013 tolling through to 2025." (*Id.* at 6-7.) The complaint alleges that Plaintiff "has been traumatized, financially, socially and physically harmed, facially deformed and made homeless due to Defendants' political, physical and financial targeting and nonconsensual experimentation, hidden under falsified 'wraparound' Foreign Intelligence Surveillance Applications and falsified medical diagnoses." (*Id.* at 7-8.)

According to the complaint, "[b]etween 2013 and 2014, and again in 2022, Defendants, acting under color of state law and in concert with private entities, nonconsensually implanted Plaintiff with experimental biomedical and biosurveillance devices, including 'injectable electronics' and a Neuralink 'beta' prototype, on multiple dates between 2013-2014 at Northwestern Memorial Hospital in Chicago, and on October 3, 2022 at a private surgery center in Mexico City under the direction of government and private agents of the DARPA Brain Initiative."

(*Id.* at 15-16.)   Plaintiff believes that the implanted devices have, among other things, placed her under constant surveillance and made her suicidal. (*Id.* at 20-21.)

Upon review, it is apparent from the complaint that Plaintiff is in distress. (*See id.*) Yet the Court is limited in its authority and subject matter jurisdiction, and it is required to evaluate Plaintiff's claims according to the United States Code, the Federal Rules of Civil Procedure, and legal precedent. The Court cannot find the claim—that for over twelve years, more than fifty individuals and entities have conspired to unlawfully implant mind altering, surveilling, or controlling devices in Plaintiff's body—plausible. Granting an opportunity to amend the complaint is futile because, at its core, Plaintiff's claim is not plausible. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"). Accordingly, the Court will dismiss the complaint with prejudice without reaching the separate issues of Defendant immunity, the statute of limitations, or Federal Rule of Civil Procedure 8's "short and plain statement" requirement.

Based on the foregoing, it is HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff's motion for temporary restraining order (D.I. 6) is **DENIED** because the factual basis underlying the motion is not plausible.

3. Plaintiff's motion to seal this case (D.I. 7) is **DENIED** because it does not set forth sufficient facts or grounds to establish that this case should be kept from the public record.

4. Plaintiff's motions for expedited procedures and a three-judge panel (D.I. 7) are **DENIED as moot** in light of the dismissal of the complaint.

5. The Clerk of Court is directed to **CLOSE** this case.

_7-31-25_  
Date

_[signature]_  
Chief Judge